UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| JAMIE E. FLOWER, | § |
| Plaintiff | § |
| | § |
| v. | § |
| KIM OGG, HARRIS COUNTY | § CIVIL ACTION NO. |
| DISTRICT ATTORNEY; | § |
| ED GONZALEZ, HARRIS | § COMPLAINT |
| COUNTY SHERIFF; | § |
| PATRICIA SEDITA, ATTORNEY; | § |
| MARIE T. JACKSON, HARRIS | § |
| COUNTY DISTRICT | § |

I

JURISDICTION & VENUE

1. This is a civil action by 42 U.S.C. Section 1983 To: redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Sections 1331 and 1343(a)(3). Plaintiff seeks declaratory relief as authorized by 28 U.S.C. Sections 2201 & 2202, and, Injunction relief authorized by 28 U.S.C. Sections 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Southern District Court of Texas is an appropriate venue under 28 U.S.C. §1391(b)(2) because it is where the events giving rise to this claim are occurring.

II

PLAINTIFFS

3. Plaintiff James E. Flowers, is and was at

P. 1

Case 4:17-cv-03132   Document 1-1   Filed on 10/17/17 in TXSD   Page 2 of 10

3. all times stipulated herein a prisoner of the State of Texas in the custody of the Harris County Sheriff's Jail. He is still confined in the Harris Co. Sheriff's Jail in Houston, Texas.

## III.
## DEFENDANTS

4. Defendant Kim Ogg is the District Attorney of Harris County, Texas. She is, in her official capacity, responsible for the Harris County District Attorney's Official and all legal acts therein.

5. Defendant Ed Gonzalez is the Sheriff of Harris County. In his official capacity he is legally responsible for the operation of the Harris County Jail system and the welfare of the prisoners confined therein.

6. Defendant Patricia Sedita is court-appointed attorney. In her official capacity she has a duty to protect and defend Plaintiff in any criminal court proceeding and to protect Plaintiff's Constitutional Rights.

7. Marie T. Jackson, Defendant, is a Harris County District Judge. In her official capacity she has a legal duty to uphold justice and the Laws of the State of Texas and United States Constitution.

## IV.
## FACTS

9. Plaintiff was falsely arrested on May 2, 2015,

FACTS - Cont.

9. and has been confined in the Harris County Jail since that time in violation of Texas Law, Code of Criminal Procedure Art. 17.151, and, the Eighth & Ninth Amendments to the United States Constitution.

10. In August, 2015, a Motion For Bond Reduction should have been filed for Plaintiff's release. This is in accordance with T.C.C.P. Art. 17.151 for a person confined 90 days with no trial and still confined. This action, on only information by Defendant Patricia Sedita, was filed into the Court in September, 2017.

11. On or about December 8, 2015, Plaintiff was notified [by letter] from Defendant Patricia Sedita of a new charge "alleged" to have occurred October 8, 2000. Indictment was filed on January 25, 2016 (emphasis added), 16 years AFTER the "alleged" offense Plaintiff has no knowledge of.

12. Plaintiff, though having been through the Harris County Jail on several occasions before 2015, was never charged for the "alleged" 2000 offense. One (1) such event is even noted as an "enhancement". Plaintiff was issued the Indictment for the 2000 charge in January, 2016, after entered by a 2016 Grand Jury. Plaintiff was NEVER taken before a Magistrate on the "new" charge.

13. On or about March 24, 2017, over a year AFTER receiving the January, 2016, and well AFTER the 90 days set by C.C.P. Art. 17.151

Cont.

13. to allow Bond Reduction, Plaintiff was handed a "Case Reset Form" he had NOT agreed to, that had a bond set though still not been before a magistrate nor a Judge. Plaintiff had previously on February 8, 2017, filed for a Speedy Trial that 8 months later has, by act or omission, still not been acted on.

14. Defendant Patricia Sedita, though appointed to Defendant on or about December 8, 2015, as evidenced by letter in Plaintiff's possession, has only been to the Harris Co. Jail one (1) time to speak to Plaintiff, and that was to inform him of his "alleged" trial being reset due to Hurricane Harvey, more than two (2+) plus years after arrest.

15. Plaintiff did himself, Pro Se, on February 2, 2016, and, on September 6, 2017, filed separate Writs of Habeas Corpus to the 339th District Court, Judge Maria T. Jackson, with NO conceivable action to date, thereby violating Plaintiff's 5th, 8th, 9th & 14th Amendment rights to the U.S. Constitution by omission.

16. To date Plaintiff [is] still confined with full knowledge of Kim Ogg, District Attorney, that NO evidence exists on which to bring any charge to trial pursuant to T.C.C.P. Art. 38.17. Plaintiff's civil rights are clearly being violated by all parties of Defendants acting in both their official and individual capacities.

Pg. 4

## IV.

## EXHAUSTION OF LEGAL REMEDIES

17. As a Pre-trial Detainee Plaintiff has been informed the Jail Grievance process DOES NOT APPLY to these issues.

## V.

## LEGAL CLAIMS

18. Plaintiff realleges and incorporates by reference paragraphs 1-18.

19. Plaintiff Flowers hold Defendant Kim Ogg has intentionally, & knowingly violated his $5^{th}, 6^{th}, 8^{th}, 9^{th}$ & 14th Amendments by omission or commission knowing the State does not have the required evidence to obtain a conviction and has failed to dismiss the charges against Plaintiff in her official capacity as Harris County District Attorney.

20. Defendant Ed Gonzalez, Harris County Sheriff, has in his official capacity, by omission or commission, colluded to hold Plaintiff unlawfully confined of his liberty which violates Plaintiff's $5^{th}, 8^{th}, 9^{th}$ & 14th Amendment Rights to the U.S Constitution to Plaintiff's detriment, thereby causing him distress and mental anguish with no just cause.

21. Defendant Patricia Sodita, court-appointed counsel, acting in both her official and individual capacity, by either omission

P. 5

cont.

21. or commission in failing to take action at an earlier date to obtain Plaintiff's release, file required legal documents to obtain Speedy Trial, and even failing to discuss cases with Plaintiff to obtain any defense strategy, has, to Plaintiff's detriment, violated his $5^{th}, 6^{th}, 8^{th}, 9^{th}$ & 14th Amendments to the U.S. Constitution; and Art. 1 §§ 13, 15 & 19 of the Texas Constitution.

22. Defendant Maria T. Jackson, District Judge, by commission or omission, harmed Plaintiff by taking no action on Plaintiff's pro se filings, nor on Informed act by court-appointed attorney, to Plaintiff's knowledge, to obtain his liberty where acting in her official capacity that has irreparably harmed Plaintiff by "actual injury" of loss of time at freedom that even monetary reparation cannot compensate for in violation of his $5^{th}, 6^{th}, 8^{th}, 9^{th}$ & 14th Amendments to the U.S. Constitution; said acts constitute "Official Oppression" under the Texas Constitution, Art. 1 § 38.

VI.

PRAYER FOR RELIEF

23. As Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein, Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless the Court grants the declaratory and injunctive relief which Plaintiff seeks.

24. Plaintiff holds the suit is NON-FRIVOLOUS nor malicious, and no party has immunity in this matter. Allstate Ins. Co. v. Abbott, ___ U.S. ___ (2007).

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment.

25. Granting Plaintiff Flowers a declaration that the acts and omissions herein violate his rights under the Constitution and laws of the United States, and

26. A preliminary and permanent injunction ordering defendants to cease inaction to obtain his freedom as set by law.

17. Granting Plaintiff compensatory damages in the amount of $75,000.00 against each defendant severally.

28. Granting Plaintiff request for punitive damages in the amount of $3,000,000.00. Plaintiff seeks these damages against each defendant, jointly and severally.

29. Granting Plaintiff's request for consequential damages in the amount of $500,000.00 jointly and severally.

30. Granting Plaintiff release to his Personal Recognizance pursuant to the Bail Reform Act as amended in 1972.

31. Plaintiff requests a jury trial on all issues triable by jury. (U.S. Const. 7th Amend.)

32. Plaintiff seeks recovery of any court cost in this suit, and,

33. Any additional relief this court deems just, proper and equitable Plaintiff is not aware of as a non-legal layman, and,

34. Granting Plaintiff appointment of counsel.

Respectfully submitted,

/s/ [signature]

James E. Flowers, Plaintiff

<u>VERIFICATION</u>

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, to the best of my knowledge, except as to matter alleged on information and/or belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct to the best of my belief.

Signed on this the 6th day of October, 2017.

/s/ [signature]

AFFIANT

Sept. 30, 2017
Oct. 7, 2017

To: David J. Bradley
Clerk of the Court
U.S. District Court
P.O. Box 61010
Houston, Tx 77208

RE: 42 U.S.C. §1983 Civil Action

To The Hon. Clerk:
   Enclosed for filing please find 3 copies of the above referenced filing. I write to inform the Court that The Harris County Sheriff's Jail only has 8½ x 14" paper to obtain if purchased and refuses to issue more than 2 sheets of 8½ x 11" paper per week for legal work. Complaint was begun on 8½ x 11" and will take probably a month to complete at this rate. The Harris Co. Sheriff's Jail needs to be informed of paper size required by the Court Rules.
   As well, the Law Library will only issue 1 copy of the 42 U.S.C. §1983 forms at a time, once a week. We are also DENIED to go to the law library for legal research. The Jail personnel needs to be informed of this violation. 1 original draft of COMPLAINT enclosed.
   I request a file-stamped copy of this letter or notice of receipt. Thank you.

Respectfully submitted,
s/ [signature]
James E. Flowers 01246231
Harris Co. Sheriff's Jail
1200 Baker St., 3E1A
Houston, Texas 77002